**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|                                      |   |                                      |
|--------------------------------------|---|--------------------------------------|
|                                      | : |                                      |
|                                      | : |                                      |
| STATE OF CONNECTICUT                 | : | CRIMINAL CASE NO.                    |
|                                      | : | 3:15-R-00002 (JCH)                   |
|                                      | : |                                      |
|              v.                      | : |                                      |
|                                      | : |                                      |
| KERRY L. MARSHALL,                   | : |                                      |
|          Defendant.                  | : | AUGUST 7, 2015                       |
|                                      | : |                                      |

**ORDER FOR SUMMARY REMAND**

The defendant in a Connecticut state criminal case, Kerry L. Marshall ("Marshall"), filed a Notice of Removal (Doc. No. 1) on July 23, 2015, seeking to remove the state criminal prosecution against him to federal district court.   Marshall asserts that removal is proper under 28 U.S.C. § 1443(1) and 1446.   After examining the notice of removal, the court concludes that, for the reasons set forth below, removal is inappropriate.   The court thus orders summary remand pursuant to 28 U.S.C. § 1455(b)(4) ("If it clearly appears on the face of the notice [of removal of a criminal prosecution] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").

I.    **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

In connection with his Notice of Removal, Marshall has submitted an application to proceed in forma pauperis ("IFP").   Motion for Leave to Proceed IFP (Doc. No. 2). A court is authorized to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee.   28 U.S.C. § 1915(a)(1).   In this case, Marshall's IFP application is insufficient in that he has failed to submit a ledger sheet showing deposits

and withdrawals for the last six months.   Thus, his request to proceed IFP is **DENIED**.

However, even assuming Marshall can satisfy the requirements for IFP status, his

notice of removal is subject to remand to the state court, as set forth below.

## II.   STANDARD FOR REMOVAL

Removal of a state criminal case to federal court is appropriate only in narrow

circumstances.   Under 28 U.S.C. § 1443(1), a state criminal prosecution can be

removed to federal court if the defendant "is denied or cannot enforce in the courts of

such State a right under any law providing for the equal civil rights of citizens of the

United States, or of all persons within the jurisdiction thereof."[1]   28 U.S.C. § 1443(1).

A removal petition under section 1443(1) must satisfy the two-pronged test

established by the Supreme Court in Georgia v. Rachel, 384 U.S. 780 (1966).   See

Connecticut v. Parks, 2009 WL 3248654 at *1 (D. Conn. Oct. 5, 2009); New York v.

Best, 2014 WL 5305991 at *2 (E.D.N.Y. Oct. 15, 2014).   "First, it must appear that the

right allegedly denied the removal petitioner arises under a federal law 'providing for

specific civil rights stated in terms of racial equality.' . . . Second, it must appear . . . that

the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the

courts of (the) States.'"   Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quoting

Rachel, 384 U.S. at 792, 803).

The procedure for removal of criminal prosecutions is set forth in 28 U.S.C. §

_____

[1] The other removal provisions of 28 U.S.C. §§ 1441-1444 are clearly inapplicable to this case. See, e.g., 28 U.S.C. §§ 1442, 1442a, 1443.   Section 1442 and 1442a generally apply only to criminal prosecutions of federal officers or entities, or military personnel, respectively.   28 U.S.C. § 1442, 1442a; see Best, 2014 WL 5305991 at *1 n. 2.   Removal under section 1443(2) is available only to federal officers (clause one), state officers (clause two), and in some cases local and municipal officers (clause two).   28 U.S.C. § 1443(2); see Parks, 2009 WL 3248654 at *1.   Section 1446, the other provision cited by Marshall, provides the procedure for removal of civil actions and thus is not applicable here.

1455.   Under this provision, notice of removal must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, <u>whichever is earlier</u>." 28 U.S.C. § 1455(b)(1) (emphasis added).

## III.   DISCUSSION

As a preliminary matter, Marshall's notice of removal is untimely.   Marshall was arraigned on or about November 5, 2010.   Notice of Removal at 2.   He filed the instant Notice of Removal on July 23, 2015, over four and a half years later.   While Marshall's case has not gone to trial, the deadline in section 1455(b)(1) is the <u>earlier</u> of thirty days after arraignment or prior to trial.   Marshall's Notice was clearly filed well after thirty days from his arraignment.

In addition, Marshall's Notice does not allege a proper basis for removal under section 1443(1).   According to the facts alleged in Marshall's Notice, he is currently incarcerated outside the state of Connecticut,[2] and, as a result, cannot be transferred to Connecticut to resolve his pending state court charges.   Notice of Removal at 6. He alleges that his state court trial has been continued to 2020 without his consent.   <u>Id.</u> at 4.   On this basis, Marshall alleges that the state prosecution violates his right to equal protection as set forth in the Fourteenth Amendment as well as his Sixth Amendment right to a speedy trial.   <u>Id.</u> at 6-8.

Marshall has not shown that the right allegedly denied to him arises under a

_____

[2] On May 13, 2011, Marshall was found guilty of twenty counts of bank fraud, in violation of 18 U.S.C. § 1344(1), and one count of fraud and related activity in connection with access device, in violation of 18 U.S.C. § 1029(a)(5). <u>United States v. Marshall</u>, 3:10-cr-00014-JCH-1, Jury Verdict (Doc. No. 133). On November 28, 2011, he was sentenced to 71 months imprisonment.   <u>Id.</u>, Judgment (Doc. No. 209). According to the Bureau of Prisons inmate locator, Marshall is currently incarcerated at Loretto FCI, with a projected release date of April 28, 2016. <u>See</u> http://www.bop.gov/inmateloc/.

federal law "providing for specific civil rights stated in terms of racial equality."   <u>See</u> <u>Johnson</u>, 42 U.S. at 219 (internal quotation omitted).   "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice."   <u>Id.</u>   Marshall's "broad contentions" under the Sixth Amendment, as well as his equal protection argument based on his status as an out-of-state prisoner, do not meet this requirement.   <u>See</u>, <u>e.g.</u>, <u>Mexico Const. v. Thompson</u>, No. 3:11CV00224 AWT, 2011 WL 2982438, at *2 (D. Conn. July 22, 2011).

While Marshall states in a conclusory fashion that the state prosecutor has "abandon[ed] . . . fair administration of habeas corpus ad prosequendum, because the Petitioner is African-American," Notice of Removal at 8, he offers no facts in support of this allegation.   Further, he identifies no federal law conferring on him a right to engage in the conduct with which he has been charged.   <u>See</u> <u>New York v. Smith</u>, 494 F. App'x 138 (2d Cir. 2012) (summary order).

Even assuming that Marshall has claimed violations of a federal law expressly guaranteeing racial equality, he has failed to adequately demonstrate that he cannot enforce such laws in state court.   This second prong of the <u>Rachel</u> test requires that "the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision."   <u>Johnson</u>, 421 U.S. at 219 (internal citations and quotations omitted).   Marshall has identified no "formal expression of state law" warranting removal.   Thus, he also fails to satisfy the second prong of the section 1443(1) analysis.

**IV.  CONCLUSION**

For the foregoing reasons, this court orders summary remand, pursuant to 28

U.S.C. § 1455(b)(4), to the Superior Court of the State of Connecticut, at Meriden,

Connecticut.   The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this Order would not be taken in good faith.

**SO ORDERED.**

Dated this 7th day of August, 2015 at New Haven, Connecticut.


 /s/ Janet C. Hall
Janet C. Hall
United States District Judge